JIAN YEI, Petitioner,

v.

Alberto R. GONZALES, United States Attorney General, Board of Immigration Appeals, Edward J. McElroy, Interim Director, Bureau of Immigration and Customs Enforcement, New York, Respondents.

No. 05–6736–ag.

United States Court of Appeals, Second Circuit.

Sept. 27, 2006.

Craig T. Donovan, New York, New York, for Petitioner.

Bradley J. Schlozman, United States Attorney for the Western District of Missouri, Jerry L. Short, Assistant United States Attorney, Kansas City, Missouri, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. CHESTER J. STRAUB, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Jian Yei, a native and citizen of the People's Republic of China, seeks review of a November 30, 2005 order of the BIA affirming the April 30, 2004 decision of Immigration Judge ("IJ") Adam Opaciuch denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Yei,* No. A76–506–578 (B.I.A. Nov. 30, 2005), *aff'g* No. A76 506 578 (Immig. Ct. N.Y. City Apr. 30, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts and affirms the IJ in a brief opinion, we review the IJ's decision directly. *See Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review legal questions, and application of fact to law, *de novo. See id.* at 307. We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be

compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its factfinding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158–60 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ The IJ's conclusion—which the BIA specifically adopted—that Yei was arrested only because he blocked the construction site, rather than because of any actual or imputed political opinion,[1] rested on a failure to consider or explore relevant evidence in the record. Yei and the other villagers' blockade was not merely an act of civil disobedience, but was intended to protest the local officials' breach of contract and embezzlement of funds intended for their resettlement. The officials had previously threatened Yei, because he wrote a petition to the district authorities complaining of local corruption, and may have prevented that petition from reaching the intended recipients. Yei's expression of opposition to the local officials' corruption may well have constituted, or been perceived by his persecutors as, a political opinion requiring suppression. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 547–48 (2d Cir.2005). However, the IJ ignored the possibility of a connection between the events Yei described, and assumed—erro-

neously—that the officials carried out their promise to resettle the villagers.

■ Although we will not disturb the IJ's determination that Yei's single arrest and beating did not amount to past persecution, standing alone, the IJ's assumptions about the underlying motivation also infected his analysis of whether Yei had a well-founded fear of future persecution. Not only did the IJ find that the dispute was not political, but the IJ also assumed that Yei could expect protection from higher levels of government—notwithstanding the failure of his attempt to appeal to the higher authorities in the past. The record suggests that the local authorities may have retaliated against Yei precisely because of this attempt, and he testified that they remained in power. Moreover, the background materials indicate that the central government's attempt to curb corruption at the local level in villages throughout China has met with only mixed success. Even the article from which the IJ quoted in his decision indicated that the effectiveness of such efforts was "doubtful." The IJ's analysis of this issue was insufficiently reasoned to permit a determination of whether the corruption was simply the aberrational act of several village officials, or whether it was endemic to the system. *See id.* at 548. The IJ's conclusion that, regardless of any local problems, Yei could reasonably be expected to relocate elsewhere in China, *see* 8 C.F.R. § 1208.13(b)(3), also rests on an incomplete inquiry into the facts and assessment of the record. Moreover, the IJ ignored that internal relocation is presumed not to be a reasonable option where, as here, the persecutor is the gov-

---

1. Yei also raises the claim in his brief that he was persecuted on account of his membership in a particular social group, but because he never raised this theory to either the IJ or BIA, we lack jurisdiction to address it. *See* 8

U.S.C. § 1252(d)(1) (requiring exhaustion of administrative remedies); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005) (petitioners must raise specific issues and claims at the agency level before raising them in this Court).

**46**

ernment. *See* 8 C.F.R. § 1208.13(b)(3)(ii). Yei indicated that his mother continued to receive threats relating to him after he left China, but did not specify whether these threats occurred before or after his mother moved to another town. Therefore, the fact that his mother was able to relocate, standing alone, is not conclusive.

 In sum, both the IJ and BIA failed to address several critical lines of inquiry in Yei's case, regarding the motivation for his arrest, ability of the central government to check the local authorities, and the inclination, means, and reach of the local authorities to pursue him in the future. Even though Yei's single arrest did not amount to persecution, standing alone, the IJ's assumption that there was no political dimension to his claim infected the IJ's other findings sufficiently that it is impossible to predict whether the IJ would reach the same result absent this error. *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 107–09 (2d Cir.2006). Moreover, the record contains many unanswered questions, and it is appropriate for the IJ to conduct the complex factual inquiry into the proper context of Yei's claim in the first instance. *See Yueqing Zhang,* 426 F.3d at 548. As Yei's withholding claim rested on the same facts as his asylum claim, the agency may also consider the former on remand. However, because Yei did not raise a challenge to the denial of CAT relief anywhere in his brief to this Court, that claim should be deemed waived. *See id.* at 541 n. 1.

For the foregoing reasons, the petition for review is GRANTED, in part, the BIA's order is VACATED, in part, and the case is REMANDED for further proceedings. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).